17-1638
*United States v. Wright*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24th day of March, two thousand twenty.

Present:
> RICHARD C. WESLEY,
> DENNY CHIN,
> > *Circuit Judges*,
> DENISE COTE,
> > *District Judge*.*

_____

UNITED STATES OF AMERICA,

> *Appellee*,

v.                                                    17-1638

MATTHEW WRIGHT, AKA SB,

> *Defendant-Appellant*.†

_____

_____

* Judge Denise Cote, of the United States District Court for the Southern District of New York, sitting by designation.

† The Clerk of the Court is directed to amend the caption as set forth above.

For Defendant-Appellant:          MEREDITH S. HELLER (Ira D. London, *on the brief*), London & Robin, New York, NY.

For Appellee:                     MATTHEW LAROCHE, Assistant United States Attorney (Frank Balsamello, Karl Metzner, Assistant United States Attorneys, *on the brief*), *for* Geoffrey Berman, United States Attorney for the Southern District of New York, New York, NY.

Appeal from the United States District Court for the Southern District of New York (Caproni, *J.*)

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED** in part and **VACATED** and **DISMISSED** in part, and the case is **REMANDED** for further proceedings consistent with this order.

In July 2015, Wright and three coconspirators, Byron Bell, Malcom Henry, and "V-Man," made plans to rob a drug dealer in Mount Vernon, New York. Wright, Bell, and V-Man scouted various locations and identified potential victims known to traffic in narcotics. The group planned to use Wright's .22-caliber gun during the robbery. On July 28, 2015, Henry and Wright stole a duffle bag full of cash from two victims at gunpoint.

In July 2016, Wright was charged in a two-count indictment. Count One charged Wright with conspiracy to commit Hobbs Act robbery, 18 U.S.C. § 1951(b); Count Two charged him with brandishing and discharging a firearm during and in relation to a crime of violence—here, conspiracy to commit Hobbs Act robbery—18 U.S.C. § 924(c)(1)(A)(iii). In October 2016, the jury convicted Wright of both counts. Wright is currently serving

2

consecutive sentences of 162 months on Count One and 120 months on Count Two, followed by a period of supervised release; he was also ordered to forfeit $8,000 and pay a $200 special assessment.

On appeal, Wright argues that the district court erred by (1) holding that conspiracy to commit Hobbs Act robbery, as a matter of law, qualifies as a crime of violence under 18 U.S.C. § 924(c)(1)(A); (2) denying Wright's requests to adjourn the trial date; and (3) denying his motion for a judgment notwithstanding the verdict. For the reasons discussed below, we affirm Wright's conviction on Count One, vacate his conviction on Count Two, dismiss Count Two, and remand for further proceedings consistent with this order.

## I.  Brandishing and Discharging a Firearm During a Conspiracy to Commit Hobbs Act Robbery

Wright first argues that the district court erred, as a matter of law, in holding that conspiracy to commit Hobbs Act robbery qualifies as a predicate crime for Count Two, which charged him with brandishing and discharging a firearm in furtherance of a crime of violence under 18 U.S.C. § 924(c)(1)(A). In light of the Supreme Court's decision in *United States v. Davis*, 139 S. Ct. 2319 (2019), and this Court's decision in *United States v. Barrett*, 937 F.3d 126 (2019), Wright argues that the law has changed since Wright was convicted. We agree. Thus his conviction must be vacated and Count Two of the indictment must be dismissed.

3

Wright was charged with brandishing and discharging a firearm in furtherance of a crime of violence. The relevant statute, 18 U.S.C. § 924(c)(1)(A)(iii), imposes a ten-year mandatory minimum sentence upon "any person who, during and in relation to any crime of violence . . . , uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, . . . if the firearm is discharged." The statute defines a "crime of violence" as:

> [A]n offense that is a felony and—(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3). We refer to 18 U.S.C. § 924(c)(3)(A) as the "force clause" and 18 U.S.C. § 924(c)(3)(B) as the "risk-of-force clause." *United States v. Hill*, 890 F.3d 51, 54 (2d Cir. 2018).

The Supreme Court recently held that the risk-of-force clause is unconstitutionally vague. *See Davis*, 139 S. Ct. at 2336. We subsequently identified conspiracy to commit Hobbs Act robbery as a "crime . . . of violence [that] depends on § 924(c)(3)(B)'s [risk-of-force clause] . . . ." *Barret*, 937 F.3d at 128. Thus, Wright's conviction on Count Two—for brandishing and discharging a firearm in furtherance of a conspiracy to commit Hobbs Act robbery—must be vacated, and Count Two of the indictment must be dismissed.

4

## II. Trial Adjournments

Wright also argues that the district court abused its discretion by denying his requests to adjourn the trial date. Wright's main contention is that he had insufficient time to interview the two victims regarding the contents of the stolen duffle bags and was thus unable to pursue evidence that may have undercut the interstate commerce element necessary to support a Hobbs Act conviction. This Court "review[s] an order denying a continuance for abuse of discretion, and . . . will find no such abuse unless the denial was an arbitrary action that substantially impaired the defense." *United States v. O'Connor*, 650 F.3d 839, 854 (2d Cir. 2011) (internal quotations omitted). "The burden of showing such an impairment is on the party complaining of the lack of a sufficient continuance." *Id.* The district court considered Wright's various requests for adjournment,[1] and concluded that

---

[1] At Wright's August 1, 2016 arraignment, the Government explained that the discovery in the case, which primarily involved security video footage of the robbery and crime scene photos, was "not terribly voluminous." App. 6–7. Although Wright requested time to review the discovery before setting a trial date, the district court explained that it "[saw] absolutely no reason why this case can't go to trial [within the Speedy Trial Act's] 70 day[] [limit]," *see* 18 U.S.C. § 3161, and set a trial date of October 3, 2016. App. 8. On September 2, 2016, Wright filed a motion seeking, among other things, the identities of the two robbery victims because one defendant had indicated that the contents of the stolen duffle bag were the proceeds of his car dealership business, not narcotics transactions. On September 19, 2016, the Government provided Wright with the robbery victims' names and last known addresses, as well as their attorneys' contact information. That same day Wright requested a thirty-day adjournment of the trial. On September 23, 2016, Wright renewed the request for an adjournment in writing. On September 28, 2016, Wright orally renewed his request for an adjournment during a pretrial conference in order to investigate the victims' stories regarding the contents of the stolen duffle bag. The district court denied the request. It explained that "[t]his trial ha[d]n't changed" since the trial date was set two months prior. App. 49.

a continuance was not warranted because Wright's case was "about as straightforward a case as we get." App. 8. This was not an abuse of discretion.

First, the Government disclosed the identities of the two victims two weeks before trial, which provided sufficient time for Wright's investigator to interview them and determine whether to call them during trial. Second, even if Wright could show error, he failed to show prejudice. Conspiracy to commit Hobbs Act robbery requires only proof that a defendant "believed that his robberies targeted business proceeds that fell within the scope of the Hobbs Act." *United States v. Silverio*, 335 F.3d 183, 187 (2d Cir. 2003). That they "[do] not actually do so [is] not a bar to liability." *Id.* The evidence showed that Wright and his coconspirators planned to rob money gained from drug transactions affecting interstate commerce. Whether this plan was realized, with respect to the items actually stolen, has no bearing on the required element of interstate commerce.

Therefore, Wright has failed to show that the district court abused its discretion in denying his request for an adjournment.

### III. Judgment Notwithstanding the Verdict as to Count One

Finally, Wright argues that the district court erred by denying his motion for dismissal, Fed. R. Crim. Proc. 29, as to Count One, conspiracy to commit Hobbs Act robbery, because the Government failed to prove each of the following elements of conspiracy to commit Hobbs Act robbery: agreement, knowing and intentional

membership in the conspiracy, and the object of the conspiracy was to impact interstate commerce. On *de novo* review,[2] we disagree.

Two coconspirators-turned-witnesses testified that Wright knowingly agreed to participate in a conspiracy to rob victims of the proceeds of narcotics trafficking. During the planning phase, Wright scouted various locations and identified potential victims known to traffic in narcotics. The group planned to use Wright's .22-caliber gun during the robbery. "[Viewing] the evidence in the light most favorable to the government, crediting every inference that could have been drawn in the government's favor, and deferring to the jury's assessment of witness credibility and its assessment of the weight of the evidence," *United States v. Chavez*, 549 F.3d 119, 124 (2d Cir. 2008) (internal citations, alterations, and quotations omitted), we hold that the district court did not err in denying Wright's motion for judgment notwithstanding the verdict as to Count One.

---

[2] This Court reviews claims of insufficient evidence *de novo*. A jury verdict must be upheld if "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). A "court may enter a judgment of acquittal only if the evidence that the defendant committed the crime alleged is nonexistent or so meager that no reasonable jury could find guilt beyond a reasonable doubt." *United States v. Espaillet*, 380 F.3d 713, 718 (2d Cir. 2004).

Accordingly, for the foregoing reasons, Wright's conviction on Count One is **AFFIRMED**, his conviction on Count Two is **VACATED**, Count Two is **DISMISSED**, and we **REMAND** to the district court for further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

8